UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK SPEARS,

    Petitioner,                                           Civil Action No.
                                                               2:10-CV-11488

v.

                                                               HON.  MARK A. GOLDSMITH

DEBRA SCUTT, WARDEN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (DKT. 14) AND ADMINISTRATIVELY CLOSING THE CASE**

**I. Introduction**

Roderick Spears, ("Petitioner"), a state prisoner presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges his convictions for manslaughter, MICH. COMP. LAWS 750.321, assault with intent to do great bodily harm, MICH. COMP. LAWS 750.84, felon in possession of a firearm, MICH. COMP. LAWS 750.227f, and commission of a felony with a firearm.  MICH. COMP. LAWS 750.227b.  Petitioner has filed a motion to stay the habeas corpus proceeding and hold the petition in abeyance to permit him to return to the state courts to present an additional claim that has not been exhausted with the state courts and that is not included in his current habeas petition.  For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claim.  If this fails, the petition will be dismissed without prejudice.

1

## II. Background

Petitioner was convicted after a jury trial in the Wayne Circuit Court. He was sentenced on December 15, 2005. Petitioner's direct appeal was denied by the Michigan Supreme Court on September 10, 2007. People v. Spears, 737 N.W.2d 736 (Mich. 2007). On May 15, 2008, Petitioner filed a motion for relief from judgment in the trial court, raising a series of new claims. After it was denied, Petitioner sought appellate review in the state courts which concluded when the Michigan Supreme Court denied relief on November 23, 2009. People v. Spears, 774 N.W.2d 903 (Mich. 2009).

On April 14, 2010, Petitioner filed the instant petition for writ of habeas corpus. Before the Court is Petitioner's motion to hold the habeas petition in abeyance so that he can return to the state courts and raise a new claim, specifically, that:

> Mr. Spears is entitled to a new trial based on newly discovered evidence whereas the prosecutor knew of witness Amondo Stewart's statement that would have helped defendant, but the prosecutor failed to endorse the witness as well as denied defendant discovery of the witness statement.

## III. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. Moritz v. Lafler, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. Griffin v. Rogers, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he alleges that he recently discovered that the prosecutor withheld a witness statement that would have benefitted his defense at trial. He

wishes to return to the state court and file a second motion for relief from judgment, presumably under Michigan Court Rule 6.502(G)(2).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his new claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2244(d)(1). The Court notes that it appears that approximately six months elapsed on the limitations period between the time Petitioner's convictions because final after direct review and the date on which he filed his motion for relief from judgment. Another four months elapsed between the time his state collateral proceeding concluded and the date he failed the instant petition. Accordingly, it appears that Petitioner has less than two months remaining on his period of limitations.

A common circumstance calling for abating a habeas petition arises, as here, when a petitioner wishes to include new unexhausted claims to his habeas petition, but the dismissal without prejudice of the first petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. See, e.g., Hargrove v. Brigano, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).

However, even where a district court determines that a stay is appropriate pending

3

exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines v.Weber, 544 U.S. 269, 278 (2005). The Sixth Circuit has stated the reasonable approach is to "explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." Hargrove, 300 F.3d at 721 (quoting Zarvela v. Artuz, 254 F.3d 374, 377 (2d Cir. 2001)). Accordingly, to ensure that there are no delays by Petitioner in exhausting his state court remedies, the Court will impose upon Petitioner this time limit within which he must proceed with his state court post-conviction proceedings and return to federal court. The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in state court. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within 30 days of receiving this Court's order and returning to federal court within 30 days of completing the exhaustion of state court post-conviction remedies.

## IV. Conclusion

It is ordered that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance (Dkt. 14) is granted. Petitioner may attempt to file a second motion for relief from judgment with the state court within 30 days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment with the state court, he shall notify this Court that such motion papers have been filed in state court, or the Court will dismiss his petition without prejudice. Upon timely notification, the case will be held in abeyance pending

Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within 30 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ordered that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: September 26, 2011　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2011.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager